```
 1  JACK OSWALD (OSB #871330)
    VIRGINIA G. MITCHELL (OSB #850681)
 2  OSWALD & MITCHELL
    12100 S.W. Allen Boulevard
 3  Beaverton, Oregon 97005
    oswaldmitchell@aol.com
 4  T: (503) 626-7917 F: (503) 671-9398

 5  Attorneys for Plaintiff ROBERTO ACEVEDO
```

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| ROBERTO ACEVEDO, | ) | CASE NO. |
|---|---|---|
| Plaintiff, | ) ) ) | COMPLAINT |
| v. | ) ) | |
| PRINCETON PROPERTY MANAGEMENT INC., an Oregon corporation, and LAURA FLORES, | ) ) ) ) ) | |
| Defendants. | ) ) | <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff alleges:

## NATURE OF ACTION

1. This is an action for unpaid wages and overtime wages under federal and state law.

## PARTIES

2. Plaintiff is a resident of Hillsboro, Oregon.

3. Defendant Princeton Property Management Inc. is now and has been at all times material herein an Oregon corporation with its principal place of business in Portland, Oregon. Plaintiff is informed and believes, and on that basis alleges, that defendant Laura Flores has been at all times material herein an employer of plaintiff pursuant to 29 U.S.C. §203(d) and ORS 652.310(1).

PAGE 1 -- COMPLAINT

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is founded on 28 U.S.C. §1331 and venue is founded on U.S.C. §1391(a)(2).

## FIRST CLAIM FOR RELIEF

(Failure to Pay Overtime Wages)

(In Violation of 29 U.S.C. §207(a)(1))

5. Plaintiffs reallege paragraphs 1-4 above.

6. At all times material herein defendant Princeton Property Management Inc. owned and operated a business managing various rental properties in Oregon. At all times material herein defendant Laura Flores managed the operations of the defendant corporation, including controlling the hiring and compensation of employees including plaintiff.

7. Plaintiff worked as a general maintenance worker for defendants, including the period from January 1, 2009 through December 31, 2011. At all material times herein, defendants had more than two employees and annual gross revenues greater than $500,000.00. While so employed by defendants plaintiff engaged in interstate commerce activities.

8. While so employed by defendants plaintiff was to be paid from $17.94-$18.75 per hour for every hour that he worked. Defendants rarely paid plaintiff the overtime premium for any of the hours plaintiffs worked beyond 40 hours in a week. Plaintiff's workweeks for defendants averaged 48 hours. Defendants' failure to pay overtime to plaintiff was willful in that they either knew, or showed reckless disregard, of their duty to pay plaintiff overtime.

9. At the time plaintiff left defendants' employment plaintiff was not paid $17,665.23 in overtime pay in violation of 29 U.S.C. §207(a)(1).

10. Plaintiff is due liquidated damages equal to the amount of unpaid overtime pursuant to 29 U.S.C. §216(b).

11. Plaintiff is entitled to recover the attorneys' fees he has and will incur in

prosecution of this action pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

(Failure to Pay Wages)

12. Plaintiff realleges paragraphs 1-4 above.

13. Defendants failed to pay plaintiff $21,857.00 for the hours that he worked from January 1, 2009 through December 31, 2011.

14. Plaintiff was laid off by defendants on or about April 1, 2012. Plaintiff is informed and believe, and therefore allege that, at the time the wages became due to plaintiff, defendants were financially able to pay the wages but willfully withheld payment of them, and have not paid them since the termination of plaintiff's employment with defendants, therefore there is now due from defendants to plaintiff as a statutory penalty for the nonpayment of earned wages in the sum of $4,500.00 pursuant to ORS 652.150. On or about July 9, 2012, counsel for plaintiff wrote to defendants demanding payment of plaintiff's past due wages but defendants have not paid such past due wages.

15. Plaintiff is entitled to recover the attorneys' fees he has incurred and will incur in prosecution of this action pursuant to ORS 652.150.

16. Plaintiff is also entitled to recover prejudgment interest at the legal rate from the time such wages should have been paid until paid.

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

1. On his First Claim for Relief:

   A. The sum of $17,665.23 for earned but unpaid overtime wages.

   B. Liquidated damages of $17,665.23, which is equal to the amount of unpaid overtime pursuant to 29 U.S.C. §216(b);

   C. Plaintiff's reasonable attorneys' fees.

   D. An award of costs and disbursements.

   E. For such other and further relief as the court deems just and proper.

2. On his Second Claim for Relief:

    A. The sum of $21,857.00 for earned but unpaid wages.

    B. The penalty pursuant to ORS 652.150 in the amount of $4,500.00.

    C. Pre-judgment interest on unpaid wages at the legal rate in an amount to be proved at trial.

    D. Plaintiff's reasonable attorneys' fees.

    E. An award of costs and disbursements.

    F. For such other and further relief as the court deems just and proper.

DATED: August 17, 2012.    OSWALD & MITCHELL

/s/ Jack Oswald  
Jack Oswald (OSB #871330)  
Attorneys for Plaintiff  
ROBERTO ACEVEDO

## JURY DEMAND

Plaintiffs respectfully demand trial by jury.

DATED: August 17, 2012.    OSWALD & MITCHELL

/s/ Jack Oswald  
Jack Oswald (OSB # 871330)  
Attorneys for Plaintiff  
ROBERTO ACEVEDO